UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHARLES BENTON BAGWELL,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:16-cv-00265-BLW<br>1:05-cr-00132-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 2, Crim. Dkt. 26) and the Government's Motion to Dismiss (Civ. Dkt 7). For the reasons described below, the Court will grant the Government's motion, and deny Petitioner's motion in part, and grant it in part.

**BACKGROUND**

Petitioner Charles Benton Bagwell pleaded guilty on August 29, 2005 to six counts in two cases. *See Plea Agreement*, Crim. Dkt. 9; *Minute Entry for Change of Plea Hearing*, Crim. Dkt. 13. In Case No. 1:05-cr-00132, which is the subject of this petition, Petitioner pleaded guilty to bank robbery conspiracy, in violation of 18 U.S.C. § 371 and §§ 2113(a) and (d), and armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). *See id*. In Case No. 1:05-cr-00174-BLW, which was transferred from the Central District of California, Petitioner pleaded guilty to two counts of armed bank robbery in violation

of 18 U.S.C. §§ 2113(a) and (d); brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c); and discharging a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). *See id*. Petitioner was convicted on all six counts and sentenced on January 27, 2006 to a term of imprisonment of forty years, with the sentence for both cases to run concurrently. *Judgment*, Dkt. 22.

Petitioner argues that in light of *Johnson v. United States*, 135 S.Ct. 2251 (2015) ("*Johnson II*"), his convictions in Case No. 1:05-cr-00174-BLW under 18 U.S.C. § 924(c) are illegal and unconstitutional, and that his sentence in Case No. 1:05-cr-00132-BLW was based, in part, on those illegal convictions. *Petitioner's Response* at 3, Civ. Dkt 9. Petitioner further argues, and the Government concurs, that his forty-year sentence in this case exceeds the maximum sentence authorized by statute, and must be corrected.

## ANALYSIS

In the Memorandum Decision and Order issued concurrently herewith in Case Nos. 1:16-cv-00264-BLW and 1:05-cr-00174-BLW, the Court denied Petitioner's motion under § 2255 to vacate his convictions under 18 U.S.C. § 924(c). Thus, to the extent that the instant § 2255 motion rests on a claim that his sentence was unconstitutional based on his convictions under § 924(c), the motion fails, and is due to be dismissed.

Petitioner argues separately, however, and the Government agrees, that he was erroneously sentenced above the statutory maximum of thirty years for the two counts for which he was convicted in Case No. 1:05-cr-00132-BLW. Pursuant to Rule 36, the Court will issue an amended judgment in this case, correcting the error. The Court notes that

Petitioner's sentence in Case No. 1:05-cr-00174-BLW remains unchanged, and that his corrected sentence will continue to run concurrently with his sentence in that case. Accordingly,

## ORDER

**IT IS ORDERED:**

1. The Government's Motion to Dismiss (Civ. Dkt. 7) is **GRANTED**

2. Petitioner's Amended Motion to Vacate/Set Aside/Correct Sentence pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 2; Crim. Dkt. 26) is **GRANTED** in part and **DENIED** part as follows: In accordance with the agreement of the parties, Petitioner's sentence in Case No. 1:05-cr-00132-BLW shall be corrected pursuant to Rule 36 to comply with the statutory maximum sentence of thirty years, to run concurrently with his sentence in Case No. 1:05-cr-00174-BLW. In all other respects, the petition is denied.

3. Pursuant to Rule 36 of the Federal Rules of Civil Procedure, the Court shall issue an amended judgment in Case Nos. 1:05-cr-00132-BLW and 1:05-cr-00174-BLW which on page 2 shall now read as follows:
"The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Total term of 40 years. **30** years in Case#1:05-CR-00132-S-BLW to run concurrent with Case #1:05-cr-00174-S-BLW, 40 years in Case#1:05-CR-00174-S-BLW to

run concurrent with Case # 1:05-CR-00132-S-BLW." (amendment denoted in **bold**).

4. The Court shall issue a separate judgment in this case as required by Rule 58(a).

5. This case is **DISMISSED**.

DATED: May 23, 2018

B. Lynn Winmill
Chief U.S. District Court Judge